**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LYONEL COLES, | : | |
| | : | Civil Action No. |
| Petitioner, | : | 06-00114 (JAG) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| U.S. CITIZENSHIP & | : | |
| IMMIGRATION SERVICES, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    LYONEL COLES, pro se
    #174000
    Hudson County Jail
    Kearny, New Jersey 07032

**GREENAWAY, JR., District Judge**

On January 5, 2006, Petitioner Lyonel Coles (hereinafter "Petitioner"), currently confined at the Hudson County Jail, Kearny, New Jersey, filed an application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.

Petitioner is a native and citizen of Haiti. See Pet. § 2. Petitioner was admitted to the United States on June 26, 1976 as a lawful permanent resident, see Resp., Ex. A at 1, but, following numerous convictions, has been ordered removed to Haiti. See Resp., Ex. C. The removal order was issued on October 4, 2004, and, following a remand and a new decision by

the immigration judge, the Board of Immigration Appeals (hereinafter "BIA") affirmed the immigration court's finding that Petitioner was: (1) removable, and (2) subject to removal to Haiti.  This final BIA decision was issued on September 30, 2005, ninety-seven days prior to filing of Petitioner's Petition. Petitioner now contests his removal order by asserting derivative citizenship from Petitioner's father who was naturalized on July 7, 1979.  See id.

## DISCUSSION

On May 11, 2005, the President signed into law the REAL ID Act of 2005.  See Pub. L. 109-13, Div. B, 119 Stat. 231 (May 11, 2005).  Section 106(a)(5) of the REAL ID Act of 2005 amends 8 U.S.C. § 1252 to provide that, "[n]otwithstanding any other provision of law (statutory or non[-]statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)."[1]  See REAL ID Act of

---

[1] Subsection (e) of § 1252 is not applicable here.  That section provides that judicial review of any determination made under 8 U.S.C. § 1225(b)(1) is available in habeas corpus proceedings, limited to a determination of whether the petitioner is an alien, whether the petitioner was ordered removed under such section, and whether the petitioner can prove certain conditions.  See 8 U.S.C.

2005, § 106(a)(5), to be codified at 8 U.S.C. § 1252(a)(5).

Moreover, pursuant to 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The applicable venue provision, 8 U.S.C. § 1252(b)(2), provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Since the seat of the immigration court that issued the order of removal at issue was Newark, New Jersey, the case should have been filed with the Court of Appeals for the Third Circuit.[2]

---

§ 1252(e)(2). Section 1225(b)(1) governs the inspection of aliens arriving in the United States and authorizes an immigration officer to order the removal of an alien who is arriving in the United States, without further hearing. See 8 U.S.C. § 1225(b)(1).

[2] Respondent argues that Petitioner's Petition should be dismissed rather than transferred to the Court of Appeals for the Third Circuit since Petitioner failed to appeal the final ruling of the BIA. See Resp. at 3-4 ("Petitioner [had] to appeal the BIA decision . . . . Petitioner did not do that but rather filed this habeas action") (citing Manyevere v. Prendes, 2006 U.S. Dist. LEXIS 7069 (N.D. Tex. Feb. 24, 2006)). This Court, however, construes Petitioner's application as a request for leave to appeal the BIA decision to the Court of Appeals for the Third Circuit and, having no jurisdiction to decide on behalf of the Circuit Court whether Petitioner should be granted such leave, finds it in the interests of justice to transfer the case to the Third Circuit.

**CONCLUSION**

Since Petitioner's application contesting his removal order should have been filed with the Court of Appeals for the Third Circuit, this Court transfer the case accordingly.

An appropriate Order and a copy of the June 16, 2005, Special Notice of the United States Court of Appeals for the Third Circuit accompany this Opinion.

                                         S/Joseph A. Greenaway, Jr.
                                         JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 19, 2006

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

June 16, 2005

**SPECIAL NOTICE**

RE: Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat 231 (May 11, 2005)

This notice is to the District Courts and litigants within the Third Circuit. It outlines the preferred procedures for transferring cases from District Courts to the Court of Appeals pursuant to the Real ID Act of 2005.

1. Because not all petitions for habeas corpus are subject to transfer and because cases to be heard as a petition for review must be transferred to the Circuit Court of Appeals where the Immigration Judge concluded proceedings, it is suggested that District Judges provide the parties an opportunity to stipulate to or brief the propriety of the transfer order.

2. If the District Court agrees that the case is appropriate for transfer under the Real ID Act, the District Court should issue an order of transfer and send the case to the appropriate Court of Appeals as a petition for review.

3. The transfer order should indicate that the transfer is made pursuant to the Real ID Act. The transfer order should also indicate where the Immigration Judge concluded the proceedings, which Court of Appeals the case should be transferred to, and include the petitioner's Alien Number (the eight-digit number preceded by the letter A).

4. Any stay previously issued by the District Court shall remain in place during and after transfer. The Government may move in the Court of Appeals to vacate the stay if appropriate.

5. The District Court clerks are requested to transmit the entire record to the Court of Appeals at the same time they transmit the transfer order. If only a portion of the District Court case is being transferred to the Court of Appeals as a petition for review, that portion of the District Court record which relates to the petition for review should be forwarded to the Court of Appeals. The Court of Appeals will accept paper documents or electronic documents.

6. Within ten days of the case being opened in the Court of Appeals, the parties shall inform the clerk whether the record transmitted by the District Court is sufficient for purposes of the petition for review or whether additional documents are necessary.

/s/ Anthony J. Scirica  
Chief Judge